```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HINFIN REALTY CORP., HARBOR FUEL
COMPANY, INC., and GLENWOOD TERMINAL
CORP.,

                Plaintiffs,           MEMORANDUM & ORDER
                                      00-CV-4285(JS)
     -against-

THE PITTSTON COMPANY,

                Defendant.

----------------------------------X
APPEARANCES
For Plaintiffs:    John Peter McEntee, Esq.
                   Payne, Wood, & Littlejohn
                   290 Broad Hollow Road
                   Melville, New York 11747

For Defendant:     Kathryn Gull, Esq.
                   23 South 6th Street
                   Locust Valley, New York 11560
```

SEYBERT, District Judge:

Despite its long-standing pendency, this Court has not addressed defendant The Pittston Company's ("Defendant") motion for attorneys' fees. Nonetheless, Defendant's motion is DENIED.

BACKGROUND

The Court presumes general familiarity with the background of this case. Briefly, this case was originally assigned to Judge Arthur D. Spatt. Plaintiffs Hinfin Realty Corp.; Harbor Fuel Company, Inc.; and Glenwood Terminal Corp. ("Plaintiffs") moved for a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), which Judge Spatt

granted on April 12, 2002. In that Order, Judge Spatt also denied Defendant's motion for attorneys' fees and costs, with leave to renew with proper documentation. Defendant renewed that motion and, following reassignment to the undersigned, the Court entered an Order stating that the motion would be addressed. (See Endorsed Order dated Sept. 29, 2003.)

DISCUSSION

Defendant asserts that it should recover attorneys' fees and costs because there was a Rule 41(a)(2) dismissal and Plaintiffs failed to participate in the action. The Court disagrees.

Generally, where a plaintiff successfully dismisses a suit without prejudice under Rule 41(a)(2), courts can grant the defendant an award of costs or fees. See Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985) ("Fee awards are often made when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2)." (emphasis omitted)). A fee award, however, is not automatic. See Global One Commc'ns World Holding B.V. v. Gaul, No. 01-CV-0254, 2008 WL 2783429, at *3 (N.D.N.Y. July 16, 2008) (noting that the Colombrito rule "does not amount to a bright line rule" in favor of granting fees). Rather, there appears to be a split within this Circuit, with some courts requiring a showing of bad faith or vexatious conduct on behalf of the plaintiff before granting fees. See Cont'l Ins. Co. v. Morrison

2

Exp. Corp., Ltd., No. 06-CV-2408, 2009 WL 1269701, at *2 (E.D.N.Y. May 7, 2009); BD ex rel. Doe v. DeBuono, 193 F.R.D. 117, 125 (S.D.N.Y. 2000); In re Shavit, 197 B.R. 763, 771 (S.D.N.Y. 1996). But see Mercer Tool Corp. v. Friedr. Dick GmbH, 179 F.R.D. 391, 396 (E.D.N.Y. 1998) (awarding fees despite no finding of bad faith or vexatious conduct). While not siding with either formation of the rule, the Court finds the inquiry into bad faith instructive and useful in this narrow case.

The policy considerations behind the Colombrito rule point towards fear of duplicative litigation. Indeed, the court in Colombrito reasoned that "[t]he purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." 764 F.2d at 133. Moreover, the Colombrito exception is in contrast to the general rule of American law, which provides that each party bear the cost of its own attorneys' fees. See id.

The circumstances of this case do not warrant departure from the general rule that parties bear their own costs and fees. See In re Kassover, No. 98-43124, 2008 WL 4845757, at *3 (Bankr. S.D.N.Y. Oct. 30, 2008) ("Although a court may impose attorneys' fees and costs under Federal Rule 41(a)(2), it should do so only when justice so demands.").

3

First, one of the considerations contemplated in Colombrito is the "risk of relitigation of the issues." 764 F.2d at 134. However, any statute of limitations has long-passed, and the parties have not indicated any subsequent litigation. See N.Y. C.P.L.R. 213(2) (providing for a six-year statute of limitations). In fact, there has been no activity in this case for years. Simply put, it does not appear that this is a pressing matter for Plaintiffs.[1] This concern was indeed, one of the reasons that the Plaintiffs dismissed their action in the first place.

Second, another purpose of the Colombrito rule is "generally to reimburse the defendant for the litigation costs incurred in view of the risk faced by the defendant that the same suit will be refiled and will result in the imposition of duplicative expenses." The Gap Inc. v. Stone Int'l Trading, Inc., 169 F.R.D. 584, 589 (S.D.N.Y. 1997). As noted in the December 19, 2002 Order, however, "payment of fees . . . must be limited to compensation for work that cannot be used in a second contemplated action . . . ." Hinfin Realty Corp. v. The Pittston Co., 212 F.R.D. 461, 463 (E.D.N.Y. 2002) (internal citations omitted). In the previous decision, the Court found

---

[1] Moreover, in the April 12 Order, the Court noted that "the plaintiffs' board members are unsure if the continuation of this action is economically warranted." Hinfin Realty Corp. v. Pittston Co., 206 F.R.D. 350, 352 (E.D.N.Y. 2002).

4

that "if the plaintiffs choose to file another lawsuit against Pittston, the grounds likely will be the same, and much of the work already done by Pittston will either be unnecessary or easy to duplicate." Id. at 464. Thus, this also weighs against an award of fees and costs. See Kassover, 2008 WL 4845757, at *4.

Third, Judge Spatt previously rejected any contention that Plaintiffs acted in bad faith. See Hinfin, 206 F.R.D. at 355-56 (observing that Plaintiffs were "prompt" and "diligent;" not "vexatious;" and not "harass[ing])"; see also, Hinfin, 212 F.R.D. at 462 ("[T]he plaintiffs acted in good faith.").

CONCLUSION

For the aforementioned reasons, Defendant's motion for attorneys' fees and costs is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April  23 , 2014
       Central Islip, NY